Filed 7/21/21  P. v. Morales CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CRISTAL URBINA MORALES,<br><br>    Defendant and Appellant. | H048620<br>(Monterey County<br>Super. Ct. No. 20CR004088) |

On April 30, 2020,[1] appellant Cristal Urbina Morales entered another person's home without their permission.[2]  Video surveillance footage showed Morales trying to enter the home through the front door and then through a window after having ripped off the window screen.  Morales was able to reach inside the house through the window and move some items.

On May 1, the Monterey County District Attorney filed a complaint alleging that Morales had committed first degree residential burglary (Pen. Code, § 459; count 1)[3] and misdemeanor vandalism of property valued less than $400 (§ 594, subd. (b)(2)(A); count 2).  On May 12, Morales's trial counsel expressed a doubt about Morales's mental competency.  Pursuant to section 1368, the trial court suspended criminal proceedings

---

[1] All dates were in 2020.

[2] These facts are drawn from the probation report prepared for Morales's sentencing.

[3] Unspecified statutory references are to the Penal Code.

and referred Morales for an expert evaluation of her competency.  On June 2, following a hearing, the trial court found Morales competent under section 1368 to stand trial and reinstated criminal proceedings.

On July 9, the district attorney amended the complaint to add count 3, second degree burglary, in violation of section 459.  That same day, Morales entered a plea of no contest to count 3.  Morales entered this plea pursuant to a plea bargain in which she agreed to serve a three year sentence under section 1170, subdivision (h) (hereafter section 1170(h)), of which she would serve seven months in custody, followed by two years and five months of mandatory supervision.  Morales entered a "*Harvey* Waiver" as to count 2 (see *People v. Harvey* (1979) 25 Cal.3d 754) and agreed to stay away from an address in Salinas during her term of mandatory supervision.

On August 13, the trial court denied probation and imposed a three-year sentence on count 3.  The trial court ordered Morales to serve seven months in the county jail pursuant to section 1170(h) and suspended execution of the balance of the sentence.  The trial court placed Morales on mandatory supervision for a period of two years and five months following her release from jail and imposed a number of supervision conditions, including that she obey all laws.  The trial court ordered Morales to pay fines and fees, including $50 in restitution to the victim, and awarded her 212 days of custody credits.  According to the minute order for Morales's sentencing, the court dismissed counts 1 and 2 pursuant to section 1385.

On September 24, the Monterey County Probation Department filed a notice of violation of mandatory supervision, stating that Morales had committed a number of new crimes.  On October 22, Morales admitted she had violated the terms of her mandatory supervision by failing to obey all laws.  On November 12, the trial court revoked Morales's mandatory supervision and ordered her to serve the balance of the three-year term in the county jail pursuant to section 1170(h).  The trial court awarded her 353 days

of custody credits, consisting of 197 actual days and 156 days of conduct/work credits. Morales filed a timely notice of appeal.

We appointed counsel to represent Morales on appeal. Appellate counsel filed an opening brief stating the case and the facts but raising no specific legal issues. Counsel has declared that counsel notified Morales both of counsel's intention to request independent review under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), and of Morales's right to file written argument on her own behalf. We notified Morales of her right to submit written argument on her own behalf but have received no response from her.

We have reviewed the record under *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106. Concluding there is no arguable issue on appeal, we affirm the judgment.

## DISPOSITION

The judgment is affirmed.

_____

Danner, J.

WE CONCUR:


_____

Greenwood, P.J.


_____

Grover, J.


**H048620**
*People v. Morales*